

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# Innis v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4909

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Innis v. Wilson" (2009). *2009 Decisions.* Paper 1200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-197**            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4909

ROBERT INNIS,
            Appellant

v.

HARRY WILSON, Superintendent;
DR. MICHAEL J. HERBIK, M.D.;
MS. MARY ANN KUSHNER, Grievance Coordinator;
MS. SHARON M. BURKS, Chief Grievance Officer, D.O.C.;
D.O.C. BUREAU OF HEALTH CARE SERVICES, et al.;
MR. CHRIS MYERS, Physician's Asst.;
MS. DEBRA COWDEN, Physician's Asst.;
MR. PAUL DONAGAUL, Physician's Asst.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-07-cv-01343)
District Judge: Honorable Gary L. Lancaster

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 29, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 10, 2009)

OPINION

PER CURIAM

Robert Innis, a prisoner at SCI Fayette, appeals from the District Court's order granting defendants' motion to dismiss and denying his motions to alter judgment and to file a second amended complaint. Because Innis's allegations do not state a claim for deliberate indifference or otherwise entitle him to relief, we will affirm.

I.

Innis filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in October 2007 alleging that prison officials were deliberately indifferent in treating his back injury. He alleged that in August 2006 he was sitting at a table that flipped over, causing him to fall to the ground. He sustained injuries to his back and knee and was taken in a wheelchair to the prison's hospital. Medical personnel treated him by giving him a cane, an Ace bandage for his knee, and aspirin. He was also placed on the "sick call list" and was seen the next day by defendant Myers, a physician's assistant, who administered an x-ray and gave Innis more medication. Three days later, he informed a prison guard that he needed medical attention and returned to the prison's hospital to receive a cortisone shot. Since the incident, Innis has been given various medications, but still complains of "back pain, knee pains, lost [sic] of sleep and headaches" at least once every five days.

The Magistrate Judge issued a report recommending dismissal of Innis's complaint because Innis failed to sufficiently plead an Eighth Amendment claim that defendants acted with deliberate indifference to his serious medical needs. The Magistrate Judge determined that Innis's mere disagreement with the treatment offered by the medical defendants and his assertions that a different type of medical care might be more effective did not state a claim for relief. Furthermore, Innis could not hold non-medical prison

personnel liable based on a claim of supervisory liability. In response, Innis filed objections asserting that he was completely denied medical treatment on one occasion by defendant Myers. Although the District Court agreed with the analysis set forth in the R&R, the court permitted Innis to amend his complaint based on these assertions.

In his amended complaint, Innis asserted two new deliberate indifference claims against defendant Myers and two maintenance supervisors. Specifically, Innis alleged that Myers denied him medical care after he complained of numbness and pain in his back on January 18, 2008. Innis also claimed that two maintenance supervisors, who were not named as defendants in the original complaint, were responsible for failing to "fix and repair[] all maintenance equipment" because they did not adequately repair the table that collapsed. Finally, Innis asserted that defendant Wilson failed to protect Innis from defendant Meyer's "unlawful medical mistreatment."

The Magistrate Judge issued a report recommending dismissal of Innis's amended complaint. The Magistrate Judge declined to revisit the claims from the initial complaint, finding that the court already indicated that it agreed that Innis failed to state a claim for relief. The report concluded that Innis's new claims bore the same deficiencies as those in the original complaint. For example, Innis's assertion that he did not receive treatment on one occasion did not state a claim for deliberate indifference, especially given Innis's admissions that defendants repeatedly attempted to treat him. In addition, Innis's negligence claims against the maintenance supervisors failed to state a cognizable basis for relief. The court agreed with these recommendations and adopted the Magistrate Judge's report as the opinion of the court. Innis filed motions to alter judgment and for

leave to file a second amended complaint. The court denied both motions and this appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and conduct de novo review of the District Court's dismissal pursuant to Rule 12(b)(6). Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). We must accept as true all of the allegations contained in the complaint and draw all inferences from the facts alleged in the light most favorable to a pro se plaintiff. Id. at 229; See also Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, slip op. at 14 (May 18, 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We must dismiss the appeal under 28 U.S.C. § 1915 (e)(2)(B) if it is legally frivolous and may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

## III.

To state a claim for a violation under the Eighth Amendment, Innis must allege "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Deliberate indifference requires that prison officials know of an excessive risk to an inmate's health or safety and affirmatively disregard that risk. Farmer v. Brennan, 511 U.S. 825, 835, 937-88 (1994).

Assuming Innis's injury amounted to a serious medical need, we agree with the

District Court that his allegations do not indicate deliberate indifference to his medical condition. To the contrary, Innis conceded that he received medical treatment after the incident, including being examined by medical personnel and receiving aspirin, a walking cane, and an Ace bandage. The next day, after he requested a sick call visit, he received more medication and an x-ray. He also received a cortisone injection in response to his request for treatment. To the extent that Innis's allegations indicate that he disagreed with the course of treatment, he does not state a viable claim for relief. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) ("mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). Absent a belief or actual knowledge that medical personnel mistreated or failed to treat a prisoner, the non-medical defendants cannot be charged with the Eighth Amendment scienter requirement of deliberate indifference. Spruill, 372 F.3d at 236. Thus, Innis's deliberate indifference claims from his original complaint were properly dismissed.

Innis's claim against Myers in his amended complaint also does not state a claim for relief under the Eighth Amendment. Even if he had a serious medical need, Innis has not sufficiently pled deliberate indifference. Estelle, 429 U.S. at 106; Farmer, 511 U.S. at 835. Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. Spruill, 372 F.3d at 236. Accordingly, these claims were

properly dismissed.

The remaining claims against the maintenance supervisors for failing to fix and repair the table that collapsed, causing Innis's injury, were also properly dismissed. Mere negligence claims do not constitute "deliberate indifference." See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 n.2 (3d Cir. 2001) (citing Rouse, 182 F.3d at 197); see also Davidson v. Cannon, 474 U.S. 344, 347 (1986). Innis does not allege that defendants Bailey or Monovich were aware of a risk of a serious injury that could occur and purposefully failed to take appropriate steps. As the District Court noted, the United States Constitution is not a "font of tort law." County of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8 (1998). Accordingly, Innis fails to state a cognizable claim for relief.

IV.

As Innis's appeal presents no substantial question,[1] we will summarily affirm the District Court judgment. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

---

[1] We perceive no error in the District Court's denial of Innis's post-judgment motions.